IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RAMON BORROTO, JR.,
    Plaintiff,

v.                                                        Case No. 3:05cv426/MCR/EMT

CAPTAIN J.E. DICKS, et al.,
    Defendants,
_____/

## REPORT AND RECOMMENDATION

       This cause is before the court upon Plaintiff's Motion for Voluntary Dismissal (Doc. 55) and Defendants' Status Report and Notice that Plaintiff has Filed a Motion for Voluntary Dismissal Pursuant to Settlement (Doc. 56).  In this motion, Plaintiff requests that the court dismiss this action with prejudice because the parties have reached a settlement (*see* Doc. 55 at 1).  In a separate document, Defendants also request that the court dismiss this cause with prejudice because the parties have reach a settlement (*see* Doc. 56 at 1).

       Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure provides that an action may be dismissed without an order of the court by filing a stipulation of dismissal signed by all parties who have appeared in the action.  Unless otherwise stated, the dismissal is without prejudice.  *See* Fed. R. Civ. P. 41(a)(1).  Here, there is no stipulation of dismissal that is signed by all the parties who have appeared in this action.  Specifically, the parties have submitted two separate documents. Therefore, the parties are not entitled to automatic dismissal of this action under Rule 41(a)(1)(ii).

       However, the court notes that Defendants' notice to the court indicates that they do not oppose Plaintiff's motion for dismissal of this action with prejudice (*see* Doc. 56 at 1).  Therefore, the court will treat Plaintiff's motion as one to voluntarily dismiss under Rule 41(1)(2).  Dismissal under Rule 41(a)(2) shall not be had "at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."  Fed. R. Civ. P. 41(a)(2).  Dismissal is

without prejudice unless otherwise provided in the order. *See id.* The Eleventh Circuit has explained that

> [t]he district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other then the mere prospect of a subsequent lawsuit, as a result." *Id.* at 856–57. "The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal." Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967). In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." McCants, 781 F.2d at 857.

Pontenberg v. Boston Sci. Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (modifications added). Here, voluntary dismissal of this action is proper because the parties have reached a settlement. Moreover, Defendants have also requested that this action be dismissed with prejudice. There, dismissal should be with prejudice by agreement of the parties.

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED with prejudice**.

At Pensacola, Florida this 24th day of October 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**